CALVIN ZIMMERMAN AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 71145. Promulgated November 27, 1934.

*Clyde A. Douglass, Esq.*, for the petitioners.
*R. W. Wilson, Esq.*, for the respondent.

### OPINION.

MORRIS: The respondent having determined a deficiency in income tax of $2,537.75 for the calendar year 1930, the petitioners bring this proceeding for the redetermination thereof, alleging error by reason of the addition of $21,335.98 to their jointly reported net income of $10,131.55, representing what purports to be liquidating dividends received from Equel's Style Shop, Inc. Several other issues were pleaded by the petitioner but have been expressly abandoned.

The Equel's Style Shop, Inc., hereinafter sometimes referred to as the corporation, was organized and incorporated under the laws of the State of North Carolina, at some time in 1923, with an authorized capitalization of $10,000. It has always been owned by the petitioner and his wife, a part thereof having been acquired by them upon organization and the remainder by stock dividend.

The corporation having failed to make a report for the year 1928 to the state department of revenue as required by the provisions of section 210 of the Revenue Act of 1927 of the State of North Carolina, and having been notified thereof by the commissioner of revenue, its name was certified to the secretary of state for cancellation of its articles of incorporation as directed by section 401 of said act and accordingly its certificate of incorporation was canceled on February 28, 1929. On December 12, 1932, it paid its state franchise taxes for the years 1928 to 1931, both inclusive, and on the following day that fact was certified to the secretary of state of North Carolina, pursuant to section 403 of the revenue act of that state, requesting the reinstatement of the canceled articles of incorporation, which reinstatement was effected on February 4, 1933.

" Equel's Style Shop, Inc." filed corporation income tax returns on Form 1120-A for the fiscal years ended June 30, 1925, to June 30, 1928. " Equel's Style Shop " filed a partnership return of income on Form 1065 for the calendar year 1930, showing the names of C. Zimmerman and V. J. Zimmerman as partners and the amounts of their respective shares of the distributive income to be $6,467.73 each. In their joint individual income tax return filed for the same period they included $12,935.46 as their distributive share of the income from said " Equel's Style Shop." On December 12, 1932, " Equel's Style Shop " filed delinquent corporation income tax returns on Form 1120-A for the fiscal periods ended June 30, 1929, to June 30, 1931, both inclusive.

The following withdrawals were made by Zimmerman from the corporation during the period 1925 to 1930, both inclusive:

| | | | |
|---|---|---|---|
| 1925 | $1,209.55 | 1929 | $4,209.61 |
| 1926 | 2,634.21 | 1930 | 3,603.57 |
| 1927 | 2,935.25 | | |
| 1928 | 3,864.57 | Total | 18,456.76 |

The aggregate of the foregoing amounts was carried in the corporation balance sheet at July 1, 1930, incorporated in the income tax return filed for the fiscal year July 1, 1930, to June 30, 1931, as an account due from officers.

The respondent has added $21,335.98 to the reported net income, representing the entire capital structure of the corporation as of January 1, 1930, which also takes into account the aggregate amount of withdrawals by Zimmerman at that date.

While the record is not entirely clear as to just how the amount of the so-called liquidating dividends was arrived at by the respondent, that fact becomes unimportant if we find upon the record that Equel's Style Shop, Inc., continued to exist and was not in fact dissolved and liquidated as the respondent has found. Nor do we deem it necessary to deal with the question of why the respondent chose the taxable year 1930 as the year of dissolution, instead of the fiscal year ended June 30, 1929—the corporation's returns having been filed on a fiscal year basis—or certainly within the calendar year 1929, since its certificate of incorporation was actually canceled on February 28, 1929. This may be explained, in so far as explanation becomes at all necessary, by reason of the fact that the respondent attaches only secondary importance to the cancellation of the corporate charter, but " predicates his determination rather on the conduct and actions of the petitioners ", and therefore, since such actions did not manifest themselves until 1930, it was in that year that the corporate entity was converted into a copartnership.

Our question, therefore, resolves itself into whether or not by operation of law or by acts of the parties, Equel's Style Shop, Inc., ceased to exist as a corporate entity, for tax purposes, within the taxable year and whether the petitioners became taxable upon the net worth of the business as a liquidating dividend. If, of course, we find that the corporate body continued to exist during the taxable year substantially as it had theretofore existed, we have nothing else to determine.

Section 401, Public Laws of North Carolina, provides that if a corporation fails or neglects to file a report or return or to pay its franchise tax or fee within a prescribed time, the commissioner of revenue " shall certify such fact to the Secretary of State ", and that:

The Secretary of State shall thereupon cancel the articles of incorporation of any such corporation * * * by appropriate entry upon the margin of the record thereof * * *. Thereupon, all the powers, privileges, and franchises conferred upon such corporations by such articles of incorporation * * * shall cease and determine.

Section 403 of said laws provides that "Any corporation whose articles of incorporation * * * have been cancelled by the Secretary of State ", may—

* * * upon the filing, within five years after such cancellation, * * * of a certificate from the Commissioner of Revenue that it has complied with all the requirements of this act and paid all State taxes, fees, or penalties due from it, and upon the payment to the Secretary of State an additional penalty of fifty dollars, shall be entitled to again exercise its rights, privileges, and franchises in this State and the Secretary of State shall cancel the entry made by him under the provisions of section four hundred and one of this act * * *.

Section 1193 of the North Carolina Code, 1927—Annotated, provides that:

All corporations whose charters * * * are annulled by forfeiture or otherwise, shall continue to be bodies corporate for three years after the time when they would have been so dissolved, for the purpose of prosecuting and defending actions by or against them, and of enabling them gradually to settle and close their concerns, to dispose of their property, and to divide their assets; but not for the purpose of continuing the business for which the corporation was established. * * *

The respondent, as we have already said, attaches little or no importance to the provisions of the foregoing acts as the basis for his determination, but instead argues that the record clearly proves the termination of Equel's Style Shop, Inc., as a corporate entity on or about January 1, 1930, " by mutual agreement of the petitioners." With this conclusion we are unable to agree. Respondent's counsel states that the respondent is " content to stand upon the testimony of the petitioner Calvin Zimmerman and documentary evidence introduced by both parties, without indulging in any extended discussion with respect to the weight or importance attaching to such evidence." He says that the petitioners " were apparently well satisfied with their conversion of the corporation into a partnership until they discovered that the move was going to result in an additional Federal income tax ", and furthermore that " When this became apparent they immediately solicited the aid and advice of Mr. Bryson W. Biggs, who suggested the reinstatement of the corporation through the medium of paying delinquent franchise taxes to the State of North Carolina." Granted that the record shows the employment of Biggs, the conclusion drawn from such employment is unfounded in fact. At least the record is totally silent upon the reason for the reinstatement of the corporation.

Examining the testimony of Zimmerman and the documentary evidence of record in the light of the argument advanced by the respondent's counsel, we find, at the outset, that Zimmerman testified, most emphatically, that not only was there no dissolution or liquidation of the corporation, but that there never has been, at any time, any intention to dissolve or liquidate and the only documentary evidence which could lend credence to the position taken by the respondent is the partnership return filed for the calender year 1930, in which Zimmerman and his wife are classified as partners, and in which there is shown their distributive share of the profits of the business. While such evidence strongly indicates the character of the business at that time, the filing of such a return is by no means conclusive. Nor are the parties here estopped from showing the true character of the business. We think that the evidence of record

and especially the explanation advanced by Zimmerman for the filing of such return greatly minimize the value which this evidence might otherwise have had. On cross-examination Zimmerman was asked how he happened to file the partnership return and he replied:

I took the notice of suspension or cancellation of the corporation to Collector of Internal Revenue in the North Carolina District and asked him what my status was, that I wanted to make out a proper return, and I had all of the facts and figures with me, and he sent me to a man by the name of Campbell who made out the return and gave it to me to sign.

We are of the opinion, upon the facts before us, that the advice of the collector's office was erroneous and that the business of Equel's Style Shop, Inc., had no legal right to file a partnership return. There is nothing whatsoever in the record, other than the partnership return, indicating that Zimmerman and his wife ever intended to operate the business as a copartnership or that the business was ever so operated. In fact, the evidence shows that it was organized as a corporation and that it continued to be so operated, and there is nothing in the record to indicate that the form and manner of its operation ever changed, even after the cancellation or suspension of its franchise. Indeed, just the contrary appears from the testimony of Biggs, the corporation's accountant, who stated that there was no change of any consequence in the method of bookkeeping employed over the period from 1923 to 1932. Cf. *Roe Stephens Manufacturing Co.*, 12 B. T. A. 1254; *Cyclops Iron Works*, 25 B. T. A. 603.

Whether the business that continued after February 1929 was a *de jure* or a *de facto* corporation, or whether it was merely an association operating in the same form and manner as a regularly constituted corporation, we need not decide. It is sufficient to say that it falls within that classification of entities taxable as corporations under the revenue acts. We hold, therefore, that there was no dissolution or liquidation as the respondent has held.

*Judgment will be entered under Rule 50.*